United States District Court
Southern District of Texas

**ENTERED**

December 18, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 1 PRIORITY ENVIRONMENTAL SERVICES LLC FORMALLY KNOWN AS 1 PRIORITY ENVIRONMENTAL SERVICES, INC., | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:23-CV-02822 |
| ONEBEACON INSURANCE GROUP, LLC, *et al.*, | § § § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

## I.  INTRODUCTION

Before the Court is the plaintiff's, 1 Priority Environmental Services ("1 Priority"), motion for remand (DE 5). The defendant, Homeland Insurance Company of New York ("Homeland"), has responded (DE 13), and the plaintiff has replied (DE 16). After reviewing the motion, the pleadings, the relevant exhibits, and the applicable law, the Court determines that the plaintiff's motion should be **GRANTED**.

## II.  FACTUAL BACKGROUND

This is an insurance coverage dispute. 1 Priority sued its insurer, Homeland, its insurance broker, IBTX, and two other defendants, CRC and OneBeacon, over whether its insurance policy covered a personal injury lawsuit facing 1 Priority. Homeland agreed to pay $5 million to settle the personal injury lawsuit if 1 Priority would place $5 million in escrow while they resolved the coverage dispute. That agreement stipulated that if the coverage dispute turned into litigation, venue would lie in the Houston Division of the

Southern District of Texas, assuming federal diversity jurisdiction. After 1 Priority placed the $5 million in escrow and Homeland settled the personal injury suit, 1 Priority filed the present suit in state court. Homeland removed the suit to this Court. The Court must now determine whether removal was proper.

## III.    STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). The basis for removal in this case is diversity jurisdiction, which is governed by 28 U.S.C. § 1332. § 1332 requires complete diversity between all plaintiffs and all defendants, which means that all parties on one side of the controversy must be citizens of different states than all persons on the other side. 28 U.S.C.A. § 1332(a)(1); *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

## IV.    ANALYSIS & DISCUSSION

*IBTX Did Not Consent to Removal*

A defendant may remove a case to federal court only if all properly joined and served defendants consent to removal. 28 U.S.C.A. § 1446 (b)(2)(A). Defendants can consent in two ways: "The rule of unanimity requires that all defendants to an action either sign the original petition for removal *or* timely file written consent to the removal." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). The removal statute supplies the range for timeliness: "Each defendant shall have 30 days after receipt by or service on

that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C.A. § 1446 (b)(2)(B).

Neither IBTX nor CRC joined in Homeland's removal petition or filed written consent within 30 days of service.[1] Homeland argues that IBTX and CRC provided written consent in the form of emails to Homeland's counsel. But this does not satisfy the consent requirement; consent must be filed with the *Court*, not the removing defendant. *Powers*, 783 F.3d at 576. Homeland does not cite any authority or otherwise persuasively argue that these emails satisfy the consent requirement.

Homeland insists that this does not doom its removal petition for two reasons: IBTX was not properly served, and CRC was improperly joined. Because the Court determines that IBTX was properly served, it need not reach CRC's joinder.

### IBTX Was Properly Served

IBTX's service of process is dispositive because IBTX's fatal lack of timely filing to join Homeland's removal petition matters only if IBTX was properly served. 28 U.S.C.A. § 1446 (b)(2)(A).[2] 1 Priority insists IBTX was served properly, noting a return of service stating that service was registered to one Pat Moore at 1514 FM 1376, Boerne, Kendall County, TX 78006. IBTX and Homeland retort that Pat Moore is not IBTX's registered agent. They point to information on Texas' Secretary of State website that Lori Green at 10101 Reunion Place, Suite 100, San Antonio, TX 78216, is IBTX's registered agent. IBTX avers that Lori Green has not been served.

---

[1] 1 Priority does not dispute Homeland's allegation that OneBeacon was improperly joined. Accordingly, OneBeacon is not relevant to this Court's removal analysis.

[2] There was some argument that IBTX's changing its name to "2020BRL, LLC" alters the service analysis. It does not. "As a matter of law a corporate name change does not affect its identity, property rights, or liabilities." *N. Nat. Gas Co., a Div. of Enron Corp. v. Vanderburg*, 785 S.W.2d 415, 421 (Tex. App. 1990). The Court identifies this party by its old name, IBTX, for ease of reference.

First, IBTX waived any argument regarding improper service when it answered 1 Priority's complaint. IBTX filed an answer in August of 2023 and raised no issue of improper service until October of 2023. FRCP 12(b) requires a motion for insufficient service of process to be made before pleading, not two months afterward. "Filing an answer to the complaint without objecting to service of process . . . waive[s] a defendant's right to object to service of process." *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 214 (5th Cir. 2005).

The fact that IBTX both responded and made no motion for insufficient service of process suggests that Homeland and IBTX's present gripe with service is merely an attempt to manufacture federal diversity jurisdiction after failing to timely consent to removal. The only supporting authority that Homeland cites is an unreported case in which there was no evidence that the "[p]laintiff had even attempted to serve [the defendant]." *Boyle v. JP Morgan Chase Bank*, No. 4:13CV454, 2013 WL 6000462, at *3 (E.D. Tex. Nov. 8, 2013). Here, the plaintiff attempted service at the address listed on the Secretary of State's website, and Pat Moore accepted service. IBTX's own counsel even acknowledged that IBTX "appears to have been properly served." DE 13-2. A lone unreported case that is readily distinguishable on the facts from those in the present case does not carry Homeland's burden.

Even if IBTX's proper service were a close call, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Because IBTX's improper service would indicate removal is proper, the Court must resolve doubts in favor of proper service. Accordingly, the Court determines that IBTX was properly served for purposes of this removal analysis.

Homeland does not argue that IBTX was improperly joined. IBTX is therefore a proper defendant that did not timely consent to removal. 28 U.S.C.A. § 1446 (b)(2)(A). That alone is grounds for remand. *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). But the forum-defendant rule also demands remand. The forum-defendant rule states that "a defendant may not remove an otherwise-removable matter if any properly joined [and served] defendant is a citizen of the forum." *In re Levy*, 52 F.4th 244, 247 (5th Cir. 2022). The Court determines that IBTX is a properly joined and served party. It is undisputed that IBTX is a citizen of Texas. Accordingly, the forum-defendant rule applies.

## V. CONCLUSION

Because the defendants did not follow the removal statute's procedural consent requirements and the forum-defendant rule applies, the plaintiff's motion is **GRANTED**. This civil action is hereby **REMANDED**, pursuant to 28 U.S.C. § 1447(c), to the 113th Judicial District Court of Harris County, Texas, where it was originally filed and assigned Cause No. 2023-40432.

It is so **ORDERED**.

SIGNED on December 18, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge